# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

**CASE NO.:**_____

ADAD ANJOUTE,

      Plaintiff,

vs.

FRATELLI FLORIDA INC. d/b/a FRATELLI'S ITALIAN
GRILL, a Florida corporation and
MOHAMMED JAFAR, individually,

      Defendants.

_____/

## **COMPLAINT**

     Plaintiff, Adad Anjoute, sues Fratelli Florida Inc. d/b/a Fratelli's Italian Grill

("Fratelli's") and Mohammed Jafar, individually (collectively "Defendants"), and alleges as

follows:

### INTRODUCTION

     1.    This is an action for unpaid overtime and minimum wages pursuant to the Fair

Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

     2.    Plaintiff seeks damages within this court's jurisdictional requirements, reasonable

attorneys' fee and costs, and all other remedies allowable by law.

### PARTIES, JURISDICTION AND VENUE

     3.    Fratelli's is and was a Florida corporation that conducted business in Palm Beach

County, Florida during the relevant period.

4.      Jafar is and was an owner and operator of Fratelli, which conducted business in Palm Beach County, Florida during the relevant period.

5.      During the relevant period, Plaintiff performed work for Defendants in Palm Beach County, Florida.

6.      Venue is proper in this Court because Defendants transact business in this District, Fratelli maintains a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within this District.

## GENERAL ALLEGATIONS

A. **Defendants' Business And Interstate Commerce**

7.      Defendants operated a restaurant, Fratelli's Italian Grill, during the relevant period.

8.      Upon information and belief, Fratelli's annual volume of sales or business exceeded $500,000 annually for every relevant year.

9.      At all relevant times, Defendants employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

10.     Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

11.     Defendants, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida during the relevant period.

12.     Defendants are employers engaged in interstate commerce and subject to the FLSA.

**B.  Defendants' Employment of Plaintiff and Illegal Payment Practices.**

13.     Plaintiff became employed by Fratelli's in 2017.

14.     Fratelli's hired Plaintiff as a non-exempt head chef.

15.     Plaintiff was generally compensated at the rate of $15.00 per hour.

16.     Defendants assured Plaintiff that income tax and other withholdings were being withheld from Plaintiff's wages.

17.     However, Defendants would pay half of Plaintiff's wages in a payroll check and would pay the other half of Plaintiff's wages in a non-payroll check from Fratelli's business checking account.

18.     Plaintiff has never received a W-2 for the wages paid to him by Defendants despite Defendants' assurances.

19.     Plaintiff made repeated demands on Defendants for a copy of his W-2.

20.     During his employment with Fratelli's, Plaintiff would, at times, work over forty (40) hours a week.

21.     Defendants, however, failed and refused to pay Plaintiff at the time-and-a-half rate.

22.     Defendants deprived Plaintiff of overtime compensation required by the FLSA.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

23.     Defendants, despite knowledge of Plaintiff's overtime hours, willfully and intentionally refused to pay Plaintiff in accordance with the FLSA.

24.     After Plaintiff's final two weeks of employment, Defendants refused to pay Plaintiff any wages.

25.     Defendants, despite knowledge that Plaintiff worked in the restaurant for his final two weeks, willfully and intentionally refused to pay Plaintiff.

26.     Due to this, Plaintiff received zero dollars for his final two weeks of work.

27.     Plaintiff has retained undersigned counsel and agreed to pay a reasonable attorneys' fee for all services rendered.

**COUNT I**
**OVERTIME VIOLATION BY FRATELLI'S**
**UNDER THE FAIR LABOR STANDARDS ACT**

28.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if fully set forth herein.

29.     As part of its business, Fratelli's purchased goods and materials that traveled through interstate commerce.

30.     These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

31.     Upon information and belief, Fratelli's obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR· DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

32.     Fratelli's, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

33.     Fratelli's is an employer engaged in interstate commerce and subject to the FLSA.

34.     During his employment with Fratelli's, Plaintiff worked overtime hours for which he was not compensated at a rate of no less than time-and-a-half of his regularly rate of pay as required by the FLSA.

35.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

36.     In addition, Fratelli's is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitation afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.     Enter judgment against Fratelli's under the FLSA;

b.     Award Plaintiff actual damages for the unpaid overtime wages;

c.     Award Plaintiff liquidated damages;

d.     Award Plaintiff attorneys' fees and costs;

e.     Award Plaintiff all recoverable interest; and

f.     Award any other relief this Honorable Court deems just and proper.

### COUNT II

### OVERTIME VIOLATIONS AGAINST MOHAMMED JAFAR UNDER THE FAIR LABOR STANDARDS ACT

37.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if fully set forth herein.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR· DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

38.     During some or all of the relevant period, Jafar was an owner, corporate officer, and operator of Fratelli's.

39.     During some or all of the relevant period, Jafar operated the day-to-day activities of Fratelli's, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

40.     Jafar was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during some or all of the relevant period.

41.     During Plaintiff's employment with Defendants, Plaintiff worked overtime hours for which Plaintiff was not compensated at a rate of time-and-a-half Plaintiff's regular rate of pay as required by the FLSA.

42.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

43.     Jafar is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment against Mohammed Jafar under the FLSA;

b.      Award Plaintiff actual damages for the unpaid overtime wages;

c.      Award Plaintiff liquidated damages;

d.      Award Plaintiff his attorneys' fees and costs;

e.      Award Plaintiff all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

## COUNT III
## MINIMUM WAGE VIOLATION BY FRATELLI'S
## UNDER THE FAIR LABOR STANDARDS ACT

44.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if fully set forth herein.

45.     As part of its business, Fratelli's purchased goods and materials that traveled through interstate commerce.  These goods and materials were regularly handled by two or more employees and/or resold by Fratelli's to customers during the relevant period.

46.     Fratelli's obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

47.     Fratelli's, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida during the relevant period.

48.     Fratelli's was an employer engaged in interstate commerce and subject to the FLSA during the relevant period.

49.     For the last two (2) weeks of Plaintiff's employment with Defendants, Fratelli's paid Plaintiff less than the standard minimum wage required by the FLSA. In fact, Fratelli's paid Plaintiff zero dollars for his work.

50.     In addition to the back pay owed, Fratelli's is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR· DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment for Plaintiff against Fratelli's under the FLSA;

b.      Award Plaintiff actual damages for the unpaid minimum wages;

c.      Award Plaintiff liquidated damages;

d.      Award Plaintiff his attorneys' fees and costs;

e.      Award Plaintiff all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

**COUNT IV**
**MINIMUM WAGE VIOLATIONS BY JAFAR**
**UNDER THE FAIR LABOR STANDARDS ACT**

51.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if fully set forth herein.

52.     During the relevant period, Jafar was an owner, operator and President of Fratelli's.

53.     During the relevant period, Jafar operated the day-to-day activities of Fratelli's, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

54.     Jafar was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

55.     For the last two (2) weeks of Plaintiff's employment with Defendants, Jafar paid Plaintiff less than the standard minimum wage required by the FLSA.

56.     Jafar has failed to compensate Plaintiff in accordance with the FLSA's minimum wage requirements.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

57.     In addition to the back pay owed, Jafar is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment for Plaintiff against Jafar under the FLSA;

b.      Award Plaintiff actual damages for the unpaid minimum wages;

c.      Award Plaintiff liquidated damages;

d.      Award Plaintiff attorneys' fees and costs;

e.      Award Plaintiff all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

### JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated:  June 19, 2019                              Respectfully submitted,


                                                   By: */s/ Valerie B. Barnhart*
                                                   J. Freddy Perera, Esq.
                                                   Florida Bar No. 93625
                                                   freddy@pererabarnhart.com
                                                   Valerie Barnhart, Esq.
                                                   Florida Bar No. 88549
                                                   valerie@pererabarnhart.com
                                                   **PERERA BARNHART**
                                                   12555 Orange Drive, Second Floor
                                                   Davie, Florida 33330
                                                   Telephone: 786-485-5232

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485-5232