**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO: 9:19-cv-80801-Brannon**
**[Consent Case]**

ADAD ANJOUTE and JOHN CINEUS,

    Plaintiffs,

vs.

FRATELLI FLORIDA INC. d/b/a FRATELLI'S ITALIAN
GRILL, a Florida corporation and
MOHAMMED JAFAR, individually,

    Defendants.
_____/

**PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT**

    Plaintiffs, ADAD ANJOUTE and JOHN CINEUS (collectively "Plaintiffs"), by and through undersigned counsel, hereby respectfully move this Court for an Order enforcing the terms of the Parties' Settlement Agreement. [DE 58-2]. In support, Plaintiffs state as follows:

    1.    This matter sounds under the Fair Labor Standards Act ("FLSA") for unpaid minimum wages and unpaid overtime wages. [DE 1, 11]. The operative pleading sought unpaid wage damages from Defendants, jointly and severally.

    2.    On January 29, 2020, the Parties filed a Joint Motion for Approval of the FLSA Settlement and for Dismissal with Prejudice. [DE 58]. As part of this Joint Motion, the Parties provided this Honorable Court with a copy of the fully executed Settlement Agreement. [DE 58-2].

1 | Page

3. On February 5, 2020, the Parties attended a Fairness Hearing to pursuant to *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982).

4. On February 6, 2020, this Honorable Court entered an Order approving the Parties' settlement and dismissing this action with prejudice. [DE 61]. As part of this Order, the Court retained jurisdiction to enforce the terms of the Settlement Agreement, if necessary. Unfortunately, the time has come for Plaintiffs to request that this Honorable Court exercise that jurisdiction.

5. Plaintiffs now respectfully request that this Court grant this instant Motion and enter Final Judgment in favor of Plaintiffs and against Defendants, jointly and severally.

6. A proposed Order granting this Motion is filed hereto.

**MEMORANDUM OF LAW**

### I. This Court's Power to Enforce the Terms of the Agreement

Under federal law, a district court has 'inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case.'" *Ford v. Citizens & S. Nat'l Bank, Cartersville*, 928 F.2d 1118, 1121 (11th Cir. 1991) (*quoting Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 36 (5th Cir. 1967)). "'The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract.'" *Id.* at 1122 (*quoting Adams v. Johns-Manville, Corp.*, 876 F.2d 702, 709 (9th Cir. 1989)).

Even though this settlement agreement arose under the FLSA, "state contract law directs our analysis here." *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000) (*citing Hayes v. Nat'l Serv. Indus.*, 196 F.3d

2 | Page

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

1252, 1254 (11th Cir. 1999)). Under Florida law, "[w]hen the parties entered into the settlement agreement, their rights and duties merged into that agreement and its provisions became binding on the parties and the trial court." *M & C Assocs. v. Fla. Dep't of Transp.*, 682 So. 2d 640, 640 (Fla. Dist. Ct. App. 1996) (*citing J. Allen, Inc. v. Castle Floor Covering, Inc.*, 543 So. 2d 249 (Fla. Dist. Ct. App. 1989)). "An order enforcing a settlement agreement must conform with the terms of the agreement and may not impose terms that were not included in the agreement." *Johnson v. Bezner*, 910 So. 2d 398, 401 (Fla. Dist. Ct. App. 2005) (*citing Spiegel v. H. Allen Holmes, Inc.*, 834 So. 2d 295 (Fla. Dist. Ct. App. 2003)).

The appropriate remedy for breach of an FLSA settlement agreement is to "enforce the agreement through a final judgment in Plaintiff's favor for the monies due and owing that have not been paid to date." *Garcia v. Rambo Sec. Patrol, Inc.*, No. 08-22303-Civ, 2010 WL 750296, at *3 (S.D. Fla. Mar. 3, 2010). "The entry of a money judgment is the appropriate manner, absent a specific remedy agreed upon by the parties, to enforce a settlement agreement requiring the payment of money. The power of a trial court to enter such a judgment has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Id.* (*citing Mass. Cas. Ins. Co. v. Forman*, 469 F.2d 259, 261 (5th Cir. 1972)). "Such a judgment is in the nature of a judgment by consent, authorized under the trial court's 'inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case.'" *Id.* (*quoting Cia Anon*, 374 F.2d at 36).

3 | P a g e

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

## II. Terms of the Settlement Agreement

In the Settlement Agreement, the Parties agreed to the following pertinent terms:

- Defendants agreed to pay a total of Seventeen Thousand Dollars and No Cents ($17,000.00) where Anjoute would receive Two Thousand Dollars and No Cents ($2,000.00); Cineus would receive Seven Thousand Dollars and No Cents ($7,000.00); and Plaintiffs' counsel would receive Eight Thousand Dollars and No Cents ($8,000.00) in attorneys' fees and costs.
- Defendants agreed to tender an initial "down payment" of Four Thousand Dollars and No Cents ($4,000.00) within ten (10) days of Court approval.
- After this initial payment, a payment plan came into effect. On February 15, 2020, Defendants tendered the first of future, equal monthly payments in the amount of Five-Hundred Dollars and No Cents ($500.00).

Finally, the Settlement Agreement stated that if Defendants failed to make any of the payments (the original "down payment" or subsequent monthly payments), then Plaintiffs' counsel was to e-mail Defendants' representative and request a cure. If the outstanding payment was not cured after five (5) calendar days, then the full balance of the settlement funds become due and owing, a Final Judgment is to be entered in favor of the Plaintiffs (less prior payments) for the outstanding settlement monies, reasonable attorneys' fees and costs are recoverable in connection to the enforcement, and Defendants waived all defenses except payment.

## III. The Outstanding Settlement Payments

4 | P a g e

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

In review of the above, Defendants partially satisfied the terms of the Settlement Agreement. The initial "down payment" of Four Thousand Dollars and No Cents ($4,000.00) within ten (10) days of Court approval was satisfied. On February 15, 2020, Defendants tendered the first of future, equal monthly payments in the amount of Five-Hundred Dollars and No Cents ($500.00). Defendants subsequently tendered Two-Thousand Five-Hundred Dollars and No Cents ($2,500.00).

Thereafter, during August of 2020, Defendants sought a "pay off" amount on the settlement to close out the payments. Such a request would require Plaintiffs to receive *even less* than what was originally agreed to in the Settlement Agreement. This request was rejected by Plaintiffs in favor of continuing with the aforementioned payment plan. No payments were received following this.

On October 16, 2020, Plaintiffs' counsel's office e-mailed Defendants' counsel requesting payments for the settlement checks due September 15th and October 15th. On October 19, 2020, Defendants' counsel, via e-mail, again requested a payoff amount. On the same day, Plaintiffs' counsel's conveyed that Ten-Thousand Five-Hundred Dollars and No Cents ($10,500.00) was still due and owing. On October 22, 2020, a follow-up request was made to Defendants' counsel for payment. As of the date of this Motion, no payments have been tendered to cure the outstanding settlement amounts.

Based on the terms of the agreement and Defendants failure to cure within the time specifically provided, Plaintiffs now respectfully request that a Final Judgment be issued in their favor and against Defendants, jointly and severally.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

The amount of the Final Judgment sought is Ten-Thousand Five Hundred Dollars and No Cents ($10,500.00) – the remaining monies due and owing under the Settlement Agreement – and reasonable attorneys' fees and costs incurred in connection to the pursuit of this Final Judgment.

Dated:  November 13, 2020

                                   Respectfully submitted,

                                   By:  _/s/ Brody M. Shulman_____
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pereralaw.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pererabarnhart.com

**PERERA BARNHART**
12401 Orange Dr., Suite 123
Davie, FL, 33330
Telephone: 786-485-5232
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on November 13, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record on the Service List below.

                                  By:  _/s/ Brody M. Shulman_____
                                      Brody M. Shulman, Esq.

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

**SERVICE LIST**
Frank J. Blotney Jr., Esquire
BULL & BLOTNEY, LLP
Gun Club Financial Center
4524 Gun Club Road, Suite 101B
West Palm Beach, Florida 33415
(561) 616-0330/ (561) 616-0371
Fblotney@comcast.net
*Counsel for Defendants*

**PERERA BARNHART ALEMÁN**
12401 Orange Drive· Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232